UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK,<br><br>Petitioner,<br><br>v.<br><br>MARIN COUNTY SHERIFF DEPARTMENT, et al.,<br><br>Respondents. | Case No. 22-cv-07295-JSC<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR PRELIMINARY INJUNCTION; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 6, 7, 20 |

## INTRODUCTION

Petitioner, a detainee at Napa State Hospital ("NSH"), filed this petition for a writ of habeas corpus against the Marin County Sheriff's Department and several individuals who appear to be judges and lawyers in Marin County who were involved in his criminal proceedings. (ECF No. 1 at 2, 4.) Petitioner filed 12 cases in this court, including this one, in approximately six months.[1] He is granted leave to proceed in forma pauperis. For the reasons explained below, the petition is DISMISSED, and the motion for a preliminary injunction is DENIED.

## STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

---

[1] *See Clark v. Goldstein, et al.*, No. C 22-2962 JSC; *Clark v. Bay City Auto, et al.*, No. C 22-4066 JSC; *Clark v. Marin County District Attorney, et al.*, No. C 22-5557 JSC; *Clark v. Ahern, et al.*, No. C 22-6171 JSC; *Clark v. Board of Equalization,* No. C 22-6169 JSC; *Clark v. Supervisors for Marin County,* No. C 22-6173 JSC; *Clark v. Medical Board of California, et al.,* No. C 22-6174 JSC; *Clark v. Commission on Judicial Performance*, et al., No. C 22-6204 JSC; *Clark v. Alameda Cty. Dep't. of Child Protected Services, et al.*, No. C 22-6172 JSC; *Clark v. Global Tel*Link Corp., et al.*, No. C 22-6170 JSC; *Clark v. Social Security Administration, et al.*, No. C 23-0967 JSC.

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where the petitioner is in custody but has not received a criminal judgment, this Court may review a petition for a writ of habeas corpus challenging on the ground that the detainee is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In either case, the Court should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## DISCUSSION

The petition sets forth the following claim:

> This Federal Action is a National Constitutional Requirement per Article I, Section 9, 6th paragraph and the National Statutory Requirements of the National Treasury Dept. when called upon, in order to prevent Foreign Debtor Prison System of Servitude in this Nation, as it is addressed in the 1st Volume of the Statutes at Large; FIFTH CONGRESS. Sess. II: Ch. 49 and 50 and they have never been repealed. It is further addressed in the Treasury Secret Service Monetary Regulations Acts, the 1868 Expatriation Act and the 13th 14th and 15th Amendments; which also includes all Foreign Commercial Banking fraudulently contracted and undisclosed SERVITUDES.
>
> …
>
> Loureece Stone Clark, sui juris, a natural born Sovereign of California, in its dejure capacity as a republic and as one of several states of the union created by the constitution for the United States of America 1777/1789. This incidentally make[s] me an American national and a common man of the Sovereign People.
>
> I am the Lawful Federal Government Citizen Owner of my Foreign Commercial Contracted "UCC Contract Trust" known as the "Certificate of Live Birth," per the registration # 97365; therefore I have the authority per the 14th Amendment, to order the required Commercial Government CONTRACTOR'S Credit set-off by the Treasury UCC Contract Trust – Secret Service Division or it will be Lawfully Totally Revoked, as Involuntary Servitude. I have and now fully DISAVOW all Foreign Commercial Allegiances as my Right of Expatriation. I am an American born free Federal citizen and a non-commercial with my Free Will. I have been Falsely Identified, charged and Imprisoned; as a Foreign STATE commercial-paper Debtor / Citizen / Employee by the Foreign Banking Commercial "UCC: Paper Bar" Courts without due process of law.

(ECF No. 7 at 1-3.)

2

A claim that is totally incomprehensible is frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). A claim is also frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Plaintiff's claim is incomprehensible. The Court cannot discern what he means by claiming to be a "natural born Sovereign of California," "a common man of the Sovereign People," and "an American born free Federal citizen and a non-commercial with my Free Will." (*Id.* at 2.) He alleges he is "the Lawful Federal Government Citizen Owner of my Foreign Commercial Contracted 'UCC Contract Trust' known as the 'Certificate of Live Birth.'" (*Id.*) This allegation appears to advance the indisputably meritless legal theory that Petitioner owns his birth certificate and it is a contract. Court cannot make sense of his other allegations that "Commercial Government CONTRACTOR'S Credit set-off by the Treasury UCC Contract Trust – Secret Service Division," "fully DISAVOW all Foreign Commercial Allegiances as my Right of Expatriation," and that he is "a Foreign STATE commercial-paper Debtor / Citizen / Employee" being prosecuted "by the Foreign Banking Commercial 'UCC: Paper Bar' Courts." (*Id.* at 2-3.) Because the claim is incomprehensible, it is frivolous, and the Court cannot discern any way for it to be cured by amendment. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave need to amend need not be granted where it constitutes an exercise in futility). Accordingly, the case is dismissed without leave to amend.

Petitioner has filed a motion for preliminary injunction. (ECF No. 20.) He seeks an order to show cause and a "court date in federal jurisdiction" because officials at NSH forcibly medicated him to calm him down. (*Id.* at 1-2.) This allegation bears no apparent relation to the claim in the petition, nor are any NSH officials named as Respondents. In any event, Petitioner must seek any injunction based on his involuntary medication at NSH in a civil rights case under 42 U.S.C. § 1983, not in a petition for a writ of habeas corpus, because Section 1983 governs claims challenging the conditions of an inmate's confinement. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006).[2]

---

[2] The Court does not make any finding as to whether the claim challenging his involuntary medication at NSH has merit. If he wants to bring such a claim, he must do so in a complaint

**CONCLUSION**

For the reasons explained above, this case is DISMISSED without leave to amend. The motion for a preliminary injunction is DENIED. Petitioner is GRANTED leave to proceed in forma pauperis due to a lack of funds.

The Clerk shall enter judgment and close the file.

This order disposes of docket numbers 6, 7, and 20.

**IT IS SO ORDERED.**

Dated: April 27, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

---

under Section 1983 filed in a new case.